IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYNDI KING, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:17-CV-2921-N-BK |
| | § | |
| 305TH COURT, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States magistrate judge. On October 23, 2017, Plaintiff, filed a *pro se* pleading titled "Original Motion to Stop Proceedings Due to Constitutional Violations." The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and law, and for the reasons that follow, this case should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**I. BACKGROUND**

Plaintiff brings this civil action against the 305th Judicial District Court of Dallas County, Texas, seeking to stop a state court civil proceedings by the Department of Family and Protective Services (DFPS) to terminate her parental rights. Doc. 3 at 2; *see also* Doc. 3 at 4, 38 (copies of agency's petitions filed in the pending state civil actions). Plaintiff avers this is the third time in three months that DFPS has accused her of putting her child in danger and begun an investigation. Doc. 3 at 2. However, Plaintiff denies ever neglecting or abandoning her child

and, requests "the court to stop this violation of my constitutional rights." *Id.* Plaintiff concedes the state court proceedings are pending and recently filed an appeal to stay them. Doc. 3 at 58.[1]

In addition to this federal case, Plaintiff has filed two other actions in this Court related to the pending state action to terminate her parental rights. On October 24, 2017, Plaintiff filed a complaint seeking a temporary restraining order and/or a preliminary injunction against the Judge of the 305th Judicial District Court. *See King v. Shannon*, No. 3:17-cv-02922-K-BN (N.D. Tex. Oct. 25, 2017) (awaiting review of magistrate judge's recommendation denying motion for TRO and for a preliminary injunction and summarily dismissing case for want of jurisdiction under *Rooker-Feldman* doctrine). On October 25, 2017, Plaintiff filed a complaint against DFPS. *See King v. DFPS*, No. 3:17-cv-02936-L-BH (N. D. Tex. Oct. 26, 2017) (awaiting Plaintiff's response to the magistrate judge's questionnaire).

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court must examine the threshold question of whether it has subject-matter jurisdiction. It is an issue of the utmost importance, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *See System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The *Younger* abstention doctrine prevents federal courts from "granting either injunctive or declaratory relief when state criminal actions or certain categories of state civil proceedings are pending against the federal plaintiff at the time that federal action is commenced." *DeSpain*

---

[1] The appeal is pending in the Fifth District Court of Appeals. The docket sheet is available at http://www.search.txcourts.gov/Case.aspx?cn=05-17-01021-CV&coa=coa05 (last visited Oct. 27, 2017). The trial court's proceedings are not available online.

*v. Johnston,* 731 F.2d 1171, 1175 (5th Cir. 1984) (citing *Younger v. Harris*, 401 U.S. 37 (1971), and companion cases). The doctrine "is based on considerations of equity, comity, and federalism." *Id.* at 1175-76 (citing *Younger,* 401 U.S. at 43-45). Federal courts should abstain from acting on and dismiss a federal complaint when (1) a state judicial proceeding is ongoing at the time that the plaintiff initiated the federal action, (2) the proceeding implicates important state interests, and (3) the proceeding affords an adequate opportunity to raise constitutional challenges. *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).

The state termination proceedings pending against Plaintiff satisfy *Younger* abstention requirements. The state lawsuit is ongoing and the state has an important interest in child welfare. *See DeSpain*, 731 F.2d at 1179 ("Child welfare has long been a recognized area of state concern [and] . . . the investigation of child abuse and neglect is 'in aid of and closely related to criminal statutes.'"). Moreover, Plaintiff has full opportunity to raise her constitutional challenges in the state court proceeding. *See Id.* (concluding that a constitutional challenge could be raised in state proceedings to remove a child and, thus, plaintiffs had an adequate opportunity to present the federal claims in state court). Finally, Plaintiff's conclusory allegation of constitutional violations, Doc. 3 at 2, falls woefully short of demonstrating that the State undertook the termination proceedings in bad faith or with the intent to harass her. *See DeSpain*, 731 F.2d at 1180 ("A federal court should not abstain when the state court proceeding is brought in bad faith or with the purpose of harassing the federal plaintiff."). Thus, the Court concludes that Plaintiff has failed to show that any exception to *Younger* abstention doctrine is warranted, and the Court should abstain from exercising jurisdiction in this case.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SIGNED** November 8, 2017.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE